1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| INDUSTRY ACCESS INCORPORATED d/b/a/ VOBRE, | Case No. 8:11-CV-00473-JST-FFMx |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | **NOTE CHANGES MADE BY COURT** |
| CORELOGIC, INC. AND ELLIE MAE, INC., | |
| Defendants. | |

Pursuant to the parties' Joint 26(f) Report, Plaintiff, Industry Access, Inc. d/b/a VOBRE ("VOBRE") and Defendants, CoreLogic, Inc. ("CoreLogic") and Ellie Mae, Inc. ("Ellie Mae") stipulate that the following Protective Order should be entered in this case.

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

**STIPULATED PROTECTIVE ORDER**                                    **8:11-CV-0473 JST FFM**

under the applicable legal principles.  The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

**2.1 Challenging Party:** a party or non-party that challenges the designation of documents, information, or other items under this Order.

**2.2 "CONFIDENTIAL" Information or Items:** documents, information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.4 Designating Party:** a party or non-party that designates documents, information, or items that it produces, in disclosures or in response to discovery requests, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.5 Disclosure or Discovery Material:** all documents, information or items, regardless of the medium or manner in which they were generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to a discovery request in this matter.

**2.6 Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a party or of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor.

**2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means, including without limitation technical documentation such as highly sensitive technical

**8:11-CV-0473 JST FFM**

**STIPULATED PROTECTIVE ORDER**

information, as well as information relating to a party's sales, revenue, profits and losses, or customer identities.

**2.8 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:** extremely sensitive "Confidential" Information or Items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.9 In-house Counsel:** attorneys who are employees of a party to this action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.11 Outside Counsel of Record:** attorneys who are not and have not at any time been employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.13 Producing Party:** a party or non-party that produces Disclosure or Discovery Material in this action.

**2.14 Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15 Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.16 Receiving Party:** a party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

**STIPULATED PROTECTIVE ORDER**

copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by a party or its counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1 Exercise of Restraint and Care in Designating Material for Protection.**

Each Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

**STIPULATED PROTECTIVE ORDER**

1   unnecessarily encumber or retard the case development process or to impose unnecessary expenses

2   and burdens on other parties) expose the Designating Party to sanctions.

3           If it comes to a Designating Party's attention that information or items that it designated for

4   protection do not qualify for protection at all or do not qualify for the level of protection initially

5   asserted, that Designating Party must promptly notify any other party that it is withdrawing the

6   mistaken designation.

7           **5.2 Manner and Timing of Designations.**

8   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or

9   as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

10  under this Order must be clearly so designated before the material is disclosed or produced.

11  Designation in conformity with this Order requires:

12  (a) for information in documentary form (e.g., paper or electronic documents, but excluding

13  transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

14  legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

15  "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

16  A party or non-party that makes original documents or materials available for inspection need not

17  designate them for protection until after the inspecting party has indicated which material it would

18  like copied and produced.  During the inspection and before the designation, all of the material

19  made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY."   After the inspecting party has identified the documents it wants copied and

21  produced, the Producing Party must determine which documents, or portions thereof, qualify for

22  protection under this Order.  Then, before producing the specified documents, the Producing Party

23  must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each

25  page that contains Protected Material.

26  (b) for testimony given in a deposition or in other pretrial or trial proceedings, that the Designating

27  Party identify on the record, before the close of the deposition, hearing, or other proceeding, all

28

**STIPULATED PROTECTIVE ORDER**

protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A party shall give another party notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material, along with the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

**STIPULATED PROTECTIVE ORDER**

containers in which the information or item is stored, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

**5.3 Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1 Timing of Challenges.**

Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer.**

The Challenging Party shall initiate the dispute process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the

**STIPULATED PROTECTIVE ORDER**

1  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

2  designation.  A Challenging Party may proceed to the next stage of the challenge process only if it

3  has engaged in this meet and confer process first or establishes that the Designating Party is

4  unwilling to participate in the meet and confer process in a timely manner.

5       **6.3 Judicial Intervention.**

6       If the Parties cannot resolve a challenge without court intervention, the Challenging Party

7  may file a motion challenging a confidentiality designation under Civil Local Rule **37 (FFM)** (and

8  in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of

9  challenge or within 14 days of the parties agreeing that the meet and confer process will not

10  resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent

11  declaration affirming that the movant has complied with the meet and confer requirements imposed

12  in the preceding paragraph.  Failure by the Challenging Party to make such a motion including the

13  required declaration within 21 days (or 14 days, if applicable) shall automatically waive the

14  challenge to the confidentiality designation for each challenged designation.   In addition, the

15  Designating Party may file a motion to retain a confidentiality designation at any time if there is

16  good cause for doing so, including a challenge to the designation of a deposition transcript or any

17  portions thereof.   Any motion brought pursuant to this provision must be accompanied by a

18  competent declaration affirming that the movant has complied with the meet and confer

19  requirements imposed by the preceding paragraph.

20       The burden of persuasion in any such challenge proceeding shall be on the Designating

21  Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

22  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

23  sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

24  file a motion to retain confidentiality as described above, all parties shall continue to afford the

25  material in question the level of protection to which it is entitled under the Producing Party's

26  designation until the court rules on the challenge.

27

28

**STIPULATED PROTECTIVE ORDER**

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

### 7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 7.2 Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL" to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-house Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**STIPULATED PROTECTIVE ORDER**                                                    **8:11-CV-0473 JST FFM**

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be identified by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the information.

**7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing Protected Material or a custodian or other person who otherwise possessed or knew the information.

**STIPULATED PROTECTIVE ORDER**                                        **8:11-CV-0473 JST FFM**

**7.4 Procedures for Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.**

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.2(c) and 7.3(b), first must make a written request to the Designating Party that (1) identifies the general categories of CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with any litigation, at any time during the preceding five years[1], and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) Following a waiting period of fourteen (10) days after providing the request to the Designating Party, a Party that makes a request and provides the information specified in the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within those 10 days following the delivery of the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Designating Party then shall have five additional calendar days to file a motion, as provided in Civil Local Rule **37**, **(FFM)** for a protective order to exclude the proposed expert from receiving Protected Material. Failure to object or file a motion within the time permitted by this Paragraph 7.4 shall be deemed a waiver of any objection to the expert's access to the information.  If a timely objection is made, no disclosure of Protected Material shall be made to the expert until the objection is resolved by the Court or in the time for filing a motion under this Paragraph has expired.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert would result in material risk of disclosure or misuse of the Protected Material.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions).

In any such proceeding, the Party opposing disclosure to any Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.      PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to systems or methods for interchange of data relating to real estate transactional services, including without limitation the patents asserted in this action and any patent

**STIPULATED PROTECTIVE ORDER**

or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").   For purposes of this paragraph, "prosecution" includes, but is not limited to, directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.   Prosecution further includes, for example, original prosecution, reissue and reexamination proceedings.   This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

### 9.   SOURCE CODE

The parties do not anticipate disclosing or requesting the production of source code in this litigation; however, should the production of source code become necessary, the parties agree to treat it as Highly Confidential information and agree to treat the production of source code as follows:

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8 and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.   The source code shall be made available for inspection on a secured

**STIPULATED PROTECTIVE ORDER**                                                          **8:11-CV-0473 JST FFM**

computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Receiving Party's representatives may not use any electronic devices, including but not limited to, cellular telephones, smart phones, cameras, laptops etc., while in the secured room.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  The Producing Party may keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection.  The Receiving Party must keep a log of the names of any individuals to whom paper copies of portions of source code are provided.  The Receiving Party must provide such log to the Producing Party within 3 business days of any updates to the log.

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for

**STIPULATED PROTECTIVE ORDER**

deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.  The Receiving Party must provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

**10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**STIPULATED PROTECTIVE ORDER**                                **8:11-CV-0473 JST FFM**

**11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a non-party to this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b) In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

(1) promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(2) promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the non-party.

(c) If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a Court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the

**STIPULATED PROTECTIVE ORDER**                                    **8:11-CV-0473 JST FFM**

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production (or making available for inspection) of documents or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver of any applicable privilege. Reasonably promptly upon learning of the inadvertent disclosure, the Producing Party must notify the Receiving Party of the inadvertent production and request return of the documents. If the Receiving Party becomes aware of specific materials that it believes may be subject to a claim of privilege by the Producing Party, the Receiving Party shall timely notify the Producing Party of these specific materials. Upon being made aware of these materials, the Producing Party shall timely designate any such documents and request return of such documents to the Producing Party. The inadvertent or unintentional disclosure shall not operate as a waiver in any proceeding whether or not the holder of the privilege or immunity took reasonable steps to prevent the disclosure or promptly took reasonable steps to rectify the error in accordance with Federal Rule of Evidence 502(b). Upon request by the Producing Party, the Receiving Party must promptly return or confirm destruction of all copies of such inadvertently produced materials. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but any such challenge shall not assert as a basis the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by the Court. In addition to any

**STIPULATED PROTECTIVE ORDER**

**8:11-CV-0473 JST FFM**

other obligation to preserve documents, the Producing Party must preserve any documents recalled under this Paragraph for the duration of this litigation.

**14.     Counsel's Communication with Client**

Nothing in this Order shall preclude or impede outside counsel's ability to communicate with or advise their clients or decision makers for such clients based on outside counsel's review and evaluation of Protected Material produced by the opposing party.  Outside Counsel may discuss with the employees and officers of such clients who have responsibility for managing the lawsuit, or those persons who have responsibility for making decisions about possible settlement of the lawsuit ("Client Decision Makers"), the general nature of Protected Material without disclosing the specifics of any such information, solely to the extent such disclosure is necessary for effectively advising such clients and their decision makers.  Such Client Decision Makers who receive general information about Protected Material shall not disclose such information except to other Client Decision Makers and solely to the extent such disclosure is necessary for effectively managing this Action.

**15. MISCELLANEOUS**

**15.1 Right to Further Relief.**

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**15.2 Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

**15.3 Export Control.**

Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing

Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

### 15.4 Filing Protected Material.

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

### 15.5 Treatment of Draft Reports.

The parties agree that draft reports, draft declarations, draft affidavits, or notes taken by Experts will not be subject to discovery.  The Parties also agree that all communications (including e-mail communications) between the parties' Experts and In-house Counsel or Counsel of Record, as well as documents relating to such communications, except for documents, information, and things included in or attached to such communications that are directly relied upon by a testifying Expert in his or her Expert report, will not be subject to discovery.  Only the final Expert report served on an opposing party and the materials the testifying Expert relied upon during preparation of the report are discoverable.   The parties will identify and produce copies of any documents "considered by the witness in forming the opinion" as required by Fed. R. Civ. P. 26(a)(2)(B).

### 16. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries,

**STIPULATED PROTECTIVE ORDER**                                    **8:11-CV-0473 JST FFM**

1    and any other format reproducing or capturing any of the Protected Material.   Whether the

2    Protected Material is returned or destroyed, the Receiving Party must submit a written certification

3    to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60

4    day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

5    returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

6    abstracts, compilations, summaries or any other format reproducing or capturing any of the

7    Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy

8    of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

9    correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

10    and Expert work product, even if such materials contain Protected Material.  Any such archival

11    copies that contain or constitute Protected Material remain subject to this Protective Order as set

12    forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED:_____**November 22, 2011**_____

**/S/ FREDERICK F. MUMM**
_____
UNITED STATES MAGISTRATE JUDGE

**8:11-CV-0473 JST FFM**

**STIPULATED PROTECTIVE ORDER**

**<u>EXHIBIT A</u>**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Industry Access, Incorporated d/b/a VOBRE v. CoreLogic, Inc. and Ellie Mae, Inc., Case No. 8:11-CV-00473-JST-FFM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____

**STIPULATED PROTECTIVE ORDER**                                     **8:11-CV-0473 JST FFM**